UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**DANIEL PERKINS**  CASE NO. 6:23-CV-00468

**VERSUS**  JUDGE TERRY A. DOUGHTY

**TALOS ENERGY INC OF DELAWARE ET AL**  MAGISTRATE JUDGE DAVID J. AYO

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 35] filed by Defendant Alliance Energy Services, LLC ("Alliance"). No opposition has been filed and Alliance's Motion is deemed to be uncontested.

Plaintiff Daniel Perkins ("Perkins") filed a Second Amended Complaint [Doc. No. 31] against Alliance and other Defendants as the result of alleged injuries occurring on April 25, 2022, on a Talos Energy, Inc. of Delaware ("Talos") fixed platform located on East Cameron Block 346 in the Gulf of Mexico, South of Louisiana. Perkins alleges he was repairing a platform crane that was going to be used to perform a plug and abandon operation on the Talos platform.

For purposes of the claim by Perkins against Alliance, Perkins alleges he was pressured or rushed by Alliance employees to perform the work, without proper rest, which caused his injuries.[1]

In its Motion for Summary Judgment, Alliance alleges that through discovery,[2] the persons that allegedly pressured or rushed Perkins were Matt Crowe ("Crowe") and Rufus Fuller ("Fuller"). Alliance has provided the Affidavit of William Bratkowski[3] of Alliance, who declared

---

[1] [Doc. No. 31, ¶ 6]
[2] [Doc. No. 35-6, Deposition of Daniel A. Perkins, pp. 51-52, 55]
[3] [Doc. No. 35-4]

that Crowe and Fuller were not employed by Alliance and provided documentation that both Crowe and Fuller were working for Capital Petroleum Consultants Offshore, Inc. at the time of the accident. Therefore, Alliance maintains it cannot be vicariously liable for the actions of Crowe and Fuller because it was not their employer.

Alliance further maintains Perkins has provided no evidence to show Alliance was legally responsible for Perkins' injuries in any manner. Perkins has not filed an opposition or provided any other information to show Alliance was legally responsible for Perkins' injuries.

    A.    **Motion For Summary Judgment**

Summary judgment shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

Because Alliance has provided documentation showing it was not responsible for Perkins' injuries,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment [Doc. No. 35] filed by Alliance is **GRANTED**.

3

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Perkins' claims against Alliance are **DISMISSED WITH PREJUDICE**.

Monroe, Louisiana, this 14th day of February 2024.

_____
**TERRY A. DOUGHTY, JUDGE
UNITED STATES DISTRICT COURT**